IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse Edmond, | ) | C/A No.: 1:14-446-RBH-SVH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| William R. Byars Jr.; Joseph McFadden; Nurse Dehart; Nurse Mauney; D. Jarjeren; E. Holcomb; Unknown Healthcare Service Provider; and South Carolina Department of Corrections, each in his/her individual and personal capacity, | ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
|     Defendants. | ) ) | |

  Plaintiff Jesse Edmond, proceeding pro se and in forma pauperis, originally filed this matter in the Court of Common Pleas for Dorchester County, South Carolina. [Entry #1-1]. The South Carolina Department of Corrections ("SCDC"), William R. Byars Jr., Joseph McFadden, Nurse Dehart, Nurse Mauney, D. Jarjeren, and E. Holcomb (collectively "Defendants")[1] removed the action to this court on February 20, 2014. [Entry #1]. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), this case has been referred to the undersigned for all pretrial proceedings.

  This matter comes before the court on the following motions of Plaintiff: (1) motion to strike [Entry #9]; (2) motion for a more definite statement [Entry #10]; (3) motion for remand [Entry #14]; (4) motion to compel [Entry #19]; (5) motion to seal

---

[1] Although Plaintiff also names "Unknown Health Service Provider" as a defendant, there is no indication that this party has been properly identified and served.

[Entry #21]; (6) motion to stay/motion to appoint a medical expert [Entry #27].

I.      Motion to Strike

Plaintiff seeks to strike Defendants' answer to the complaint, based on its alleged failure to contain sufficient factual material on which the affirmative defenses and denial of allegations are based. [Entry #49]. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  However, motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted).  "Accordingly, a motion to strike a matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." *McIntyre-Handy v. APAC Customer Servs.*, 2006 WL 1771048 (E.D.Va. June 23, 2006) (internal citations and quotations omitted).

In the instant motion, Plaintiff has provided no basis for his claim that the defenses raised in Defendants' answer are insufficient, immaterial, impertinent, or scandalous. An answer is not required to contain factual allegations, but must only state its defenses in short and plain terms and admit or deny the allegations of the complaint.  Therefore, Plaintiff's motion to strike is denied.

II.     Motion for a More Definite Statement

In his motion for a more definite statement [Entry #10], Plaintiff claims that Defendants' answer is so vague and ambiguous that he cannot be expected to frame a pleading in response. Plaintiff is not responsible for filing a reply or any other response to Defendants' answer, as Defendants did not counterclaim against Plaintiff. Therefore, Plaintiff's motion for a more definite statement is denied.

III.    Motion to Remand

Defendants removed this case, asserting this court has federal question jurisdiction because "[t]he language of the Complaint contains what appears to be a cause of action based upon a violation of Civil Rights brought pursuant to 42 U.S.C. §1983." Plaintiff's motion to remand indicates that he did not intend to file his complaint pursuant to § 1983 and is bringing claims pursuant to the South Carolina Tort Claims Act. Plaintiff is instructed to respond to the attached special interrogatories by August 29, 2014. If Plaintiff confirms that he did not intend to assert any federal causes of action with the filing of his complaint, the undersigned plans to recommend the district judge grant the motion to remand.

IV.    Motion to Compel

In his motion to compel, Plaintiff claims that Defendants did not timely respond to his discovery requests. [Entry #19]. He asks that his requests for admission be deemed admitted and that the court compel Defendants to respond to the other requests. On May 5, 2014, Defendants responded to the motion, claiming that Plaintiff had miscalculated the deadlines for their responses and that they had timely responded to the discovery

requests. [Entry #20]. Plaintiff did not file a reply. Therefore, it appears to the court that Plaintiff was satisfied with the discovery responses and the undersigned denied his motion to compel as moot.[2]

V.    Motion to Seal

Plaintiff filed a motion to seal along with 228 pages of documents that appear to have been produced in discovery. [Entry #21]. Plaintiff has failed to comply with Local Civil Rule 5.03 (D.S.C.) regarding filing documents under seal and his motion is therefore denied. The Clerk of Court is directed to return the documents contained in Entry #21-2 and #22-3 to Plaintiff and delete these entries from the docket. Plaintiff is advised that discovery is not to be filed with the court, although Plaintiff may attach relevant portions to support a motion or response to a motion.

VI.   Motion to Stay/Motion for Appointment of an Expert

In his motion to stay, Plaintiff claims that he cannot respond to Defendants' motion for summary judgment because Defendants have not complied with discovery. [Entry #27]. Plaintiff fails to specify any discovery that Defendants have failed to provide. As discussed above, Defendants indicated in their response to Plaintiff's motion to compel that they had provided Plaintiff with all outstanding discovery and Plaintiff failed to file a reply. Therefore, Plaintiff's motion to stay is denied. Plaintiff is directed to file a response to Defendants' motion for summary judgment by September 15, 2014.

---

[2] In light of Plaintiff's failure to provide any argument in a reply to Defendants' response, the undersigned has not considered the merits of Defendants' argument that their discovery responses were timely.

Plaintiff also requests the court to appoint an expert witness on his behalf. Plaintiff's motion is denied. Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an "in forma pauperis plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 473–75, (3rd Cir. 1987) (district court not required to pay for plaintiffs' expert medical witness).

IT IS SO ORDERED.

August 15, 2014                                        Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jesse Edmond, | ) | C/A No.: 1:14-446-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| William R. Byars Jr.; Joseph McFadden; Nurse Dehart; Nurse Mauney; D. Jarjeren; E. Holcomb; Unknown Healthcare Service Provider; and South Carolina Department of Corrections, Each in his/her individual and personal capacity, | ) ) ) ) ) ) ) ) | SPECIAL INTERROGATORIES TO PLAINTIFF |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Instructions

Answer the following questions as completely as possible in the space provided, sign it below, and return to the Clerk of Court, 901 Richland Street, Columbia, South Carolina, 29201 by August 29, 2014. If additional space is needed, attach a separate sheet of paper to this form and indicate which answer(s) are continued on the separate sheet. **You are advised that your answers must be completely truthful and are given under penalty of perjury.**

1. At the time that you filed your complaint, did you intend to assert any federal claims in this case, including claims of violations of the U.S. Constitution?

    Yes _____ No _____

2. Do you seek remand of this case to state court? Yes _____ No _____

**I declare under penalty of perjury that the foregoing is true and correct**.

Signed this _____ day of _____, 2014.

_____
Signature of Plaintiff