IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jesse Edmond, ) | C/A No.: 1:14-446-RBH-SVH |
| Plaintiff, ) | |
| vs. ) | |
| William R. Byars Jr.; Joseph McFadden; Nurse Dehart; Nurse Mauney; D. Jarjeren; E. Holcomb; Unknown Healthcare Service Provider; and South Carolina Department of Corrections, each in his/her individual and personal capacity, ) | REPORT AND RECOMMENDATION |
| Defendants. ) | |

Plaintiff Jesse Edmond, proceeding pro se, originally filed this matter in the Court of Common Pleas for Dorchester County, South Carolina. [Entry #1-1]. William R. Byars Jr., Joseph McFadden, Nurse Dehart, Nurse Mauney, D. Jarjeren, Elizabeth Holcomb, and South Carolina Department of Corrections ("SCDC") (collectively "Defendants") removed the action to this court on February 20, 2014. [Entry #1]. This matter comes before the court on Plaintiff's motion to remand the case to state court [Entry #14].

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, it is recommended that the court grant the motion to remand to the Court of Common Pleas for Dorchester County, South Carolina.

I.   Factual and Procedural Background

Plaintiff's original complaint included allegations that Defendants were deliberately indifferent to his serious medical needs and violated the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). [Entry #1-1 at 6, 10]. Defendants removed the case to this court on February 20, 2014, based on federal question jurisdiction because the complaint contained "what appears to be a cause of action based upon a violation of Civil Rights brought pursuant to 42 U.S.C. § 1983." [Entry #1]. On March 13, 2014, Plaintiff filed a motion to remand, stating that he had not filed the action pursuant to § 1983. [Entry #14]. Defendants did not file a response to the motion to remand. *See* Local Civ. Rule 7.06 (D.S.C.) ("lf no memorandum in opposition is filed within fourteen (14) days of the date of service, the court will decide the matter on the record . . . ."); *see also Davis v. Equifax Credit Info. Servs.*, C/A No. 5:11-3086-MBS, 2012 WL 1192050, *1 (D.S.C. 2012) (granting unopposed motion).

On August 15, 2014, the undersigned issued special interrogatories to Plaintiff inquiring into his intent to allege any federal claims in this case. [Entry #29]. Plaintiff filed his responses to the special interrogatories on September 2, 2014, indicating that he did not intend to assert any federal claims in this matter and that he sought remand of the case to state court. [Entry #34].

II.  Discussion

   A.   Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).  There is a split of authority as to whether a

magistrate judge has the authority to remand a matter to state court. At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992). Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998). In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case. *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

B.     Analysis

It is permissible for a plaintiff to dismiss his federal claims or amend the complaint to remove federal claims and seek remand. *See* 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013). Plaintiff has made clear that his intention is to pursue only state law claims. [Entry #34].[1] Therefore, the court interprets his filings as dismissing any federal claims that could be read as contained in his complaint. *Estelle v.*

---

[1] Although Defendants' notice of removal [Entry #1] and Plaintiff's motion to remand [Entry #14] do not address Plaintiff's claim under the ADA, Plaintiff has made clear that he does not intend to pursue any federal claims. [Entry #34]. As the ADA is a claim brought under federal law, the undersigned construes Plaintiff's filing as eliminating his claim under the ADA.

*Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se filings should be liberally construed). In *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), the Fourth Circuit upheld a district court's order granting a plaintiff's motion to amend the complaint to remove federal issues and to remand the remaining claims to state court.

Although the court retains supplemental jurisdiction of state law claims that form part of the same case or controversy as the federal claims, "[a]s a practical matter . . . many district judges will exercise their discretion under the supplemental jurisdiction statute and dismiss the remaining claims." 16 Moore's Federal Practice § 107.14(3)(b)(ii) (3rd ed. 2013); *see also* 28 U.S.C. § 1367(c). Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction "if the district court has dismissed all claims over which it has original jurisdiction." *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *United States ex rel. Scott v. Metropolitan Health Corp.*, 375 F.Supp.2d 626, 647 (W.D. Mich. 2005) ("[T]he strong federal custom . . . has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative."); *see also AJP Group, Inc. v. Holmes*, C/A No. 4:13-611-RBH, 2013 WL 3148416, at *2 (D.S.C. June 18, 2013) ("Given that Plaintiff's Complaint states no federal cause of action, the Court finds that the case should be remanded."); *Morris v. Joe Gibson Automotive, Inc*., C/A No. 7:08-1739-HMH, 2008 WL 2705000 (D.S.C. July 9, 2008) (granting the plaintiff's motion to amend to remove the sole federal claim, and granting the plaintiff's motion to remand).

Here, the undersigned recommends that the district judge remand this matter to the Court of Common Pleas for Dorchester County, South Carolina.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Plaintiff's motion to remand. [Entry #14].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 3, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).